# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1593

_____

United States of America,

      Appellee,

v.

James Civey, Sr.,

      Appellant.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the
\*   Eastern District of Missouri.
\*
\*   [UNPUBLISHED]
\*

_____

Submitted: December 14, 2009
Filed: February 3, 2010

_____

Before WOLLMAN, RILEY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

James Civey, Sr., was convicted of production of child pornography, in violation of 18 U.S.C. § 2251(a), and was sentenced to 240 months' imprisonment. He appeals his sentence, arguing that the district court[1] erred in applying a five-level enhancement under United States Sentencing Guidelines Manual (USSG or Guidelines) § 4B1.5(b)(1), because his criminal conduct preceded the date on which the enhancement became effective. We affirm.

_____

[1]The Honorable Charles A. Shaw, United States District Judge for the Eastern District of Missouri.

I.

Civey became acquainted with K.P. and her mother during the mid-1990s. Over a period of several years while she was in elementary school, Civey sexually abused K.P. on occasions when she was alone in his home, and he took a number of lascivious photographs which formed the basis of the government's case. The only factual question for purposes of this appeal is the point at which Civey's criminal conduct ceased—in particular, whether he sexually assaulted K.P. on or after April 30, 2003.

According to K.P., she refused to have further contact with Civey at the end of her seventh grade year, which was in the spring of 2003. K.P. testified that Civey attended her baptism on April 19, 2003, and that he sexually assaulted her in her home "shortly thereafter." In response to questioning from Civey's defense counsel, K.P. offered the following testimony about the timing of the assault:

Defense Counsel: So you went [to a restaurant] and had that picture taken with Mr. Civey in August '03; isn't that correct?

K.P.: Yes.

Defense Counsel: That was about a month before your next birthday?

K.P.: Yes.

Defense Counsel: That was a few months after what you said was in May when he tried to rape you?

K.P.: Yes.

After Civey was convicted, the United States Probation Office recommended a five-level enhancement to Civey's offense level pursuant to USSG § 4B1.5(b)(1),

based on evidence that Civey had engaged in a pattern of criminal sexual activity with a minor.

## II.

Ordinarily, we review the district court's factual findings for clear error and its application of the Guidelines *de novo*. United States v. Carrillo, 380 F.3d 411, 413 (8th Cir. 2004). Because Civey failed to object in the district court to the application of the sentencing enhancement, however, our review is for plain error. Id. at 413-14. Under the plain error standard, we will reverse only if the error is obvious and failure to correct it would result in a miscarriage of justice. See United States v. James, 353 F.3d 606, 612 (8th Cir. 2003); see also United States v. Newman, 965 F.2d 206, 213 (7th Cir. 1992) ("A plain error is not only a clear error but an error likely to have made a difference in the judgment, so that failure to correct it could result in a miscarriage of justice, that is, in the conviction of an innocent person or the imposition of an erroneous sentence."). Moreover, as the Supreme Court has recently reiterated, plain error review is discretionary, and our discretion should be carefully exercised. See Puckett v. United States, 129 S. Ct. 1423, 1429 (2009).

Civey argues that the district court's imposition of the five-level enhancement violated the Constitution's ex post facto clause. Guidelines § 4B1.5(b)(1) allows the district court to impose a sentence enhancement when a defendant has engaged in a pattern of criminal sexual conduct with a minor. Prior to April 30, 2003, the enhancement applied only if there were at least two minor victims. Effective on that date, however, an amendment eliminated the requirement of multiple victims, broadening the enhancement to include situations in which a defendant commits multiple sex crimes involving the same minor. As both parties acknowledge, the ex post facto clause prohibits the retroactive imposition of a sentencing enhancement. See United States v. Wright, 540 F.3d 833, 845-46 (8th Cir. 2008); United States v. Carter, 410 F.3d 1017, 1026-27 (8th Cir. 2005). Thus, Civey was eligible for the

enhancement only if he engaged in criminal sexual conduct with K.P. after April 30, 2003.

We conclude that the district court did not plainly err in applying the five-level enhancement. Although the testimony was not entirely clear, K.P. testified that Civey sexually assaulted her at some point after her baptism on April 19, 2003. Nothing in K.P.'s testimony suggested that the assault occurred within the next ten days, as opposed to later in the year. Indeed, K.P.'s affirmative response to a question posed by Civey's defense counsel— "[t]hat was a few months after what you said was in May when he tried to rape you?"—indicated that the assault occurred after April 30, 2003. The evidence adduced at trial therefore provided a basis for the enhancement. Whether the testimony could be interpreted differently, as Civey argues, is immaterial. See Carter, 410 F.3d at 1027 (holding that the district court did not clearly err in rejecting a defendant's ex post facto clause argument, because there was contradictory testimony that left the evidence equivocal). Accordingly, there was no plain error in the district court's imposition of the enhancement in this case.

The judgment is affirmed.

_____